UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

T.H.E. INSURANCE COMPANY,

        Plaintiff,

        v.                                            Case No. 20-C-1010

SPIELBAUER FIREWORKS COMPANY, INC.,
TREY D. OLSON, as Special Administrator of the
Estate of Timothy L. Olson, and
TODD R. ZDROIK,

        Defendants.

---

## DECISION AND ORDER

---

In this insurance coverage dispute, Plaintiff T.H.E. Insurance Company seeks a declaratory judgment that it has no duty to defend or indemnify Defendant Spielbauer Fireworks Company Inc. for claims arising from alleged injuries sustained by Todd Zdroik and Timothy Olson during two separate fireworks displays. This matter comes before the Court on T.H.E.'s motion for partial judgment on the pleadings against Spielbauer and Zdroik and unopposed motion for leave to file an amended complaint. In its motion for leave to file an amended complaint, T.H.E. seeks to address the lawsuit filed in the Circuit Court of Taylor County, Wisconsin by the Special Administrator of Trey D. Olson for the alleged injuries sustained by Olson in a fireworks accident. The proposed amended complaint does not change any allegations relative to Zdroik. T.H.E.'s motion for leave to file a second amended complaint is granted. Because the second amended complaint does not moot T.H.E.'s motion for partial judgment on the pleadings, the Court will address the merits of the motion below.

## BACKGROUND

Spielbauer is a Wisconsin corporation that sells fireworks and puts on fireworks displays. T.H.E. issued a commercial general liability insurance policy (the Primary Policy), a commercial excess auto liability policy (the Excess Auto Policy), and a commercial excess general liability policy (the Excess GL Policy) to Spielbauer for the policy period April 1, 2018, to April 1, 2019. T.H.E. seeks a declaration of the parties' rights and obligations under the policies it issued to Spielbauer with respect to two separate claims asserted by Olson and Zdroik against Spielbauer for the alleged injuries they sustained in separate Fourth of July fireworks accidents in 2018.

With respect to Zdroik's claims, Spielbauer allegedly sold fireworks to the Town of Land O'Lakes and Peter Schindelholz, who was in charge of the July 3, 2018, fireworks display. During the Land O'Lakes display, Zdroik was a volunteer who lit the firework fuses by hand. Zdroik was allegedly struck by a shell from an exploding 10-inch round and suffered multiple internal and other injuries as a result. Zdroik filed suit against Spielbauer and T.H.E., among others, in Villas County, seeking compensation for his injuries. T.H.E. seeks a declaratory judgment that there is no coverage under the T.H.E. policies for Zdroik's claim for alleged damages.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to seek judgment on the pleadings after the pleadings have been closed. *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Courts apply the same standard in deciding a motion for judgment on the pleadings as they do in deciding a motion to dismiss. *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016). The facts are viewed in the light most favorable to the nonmovant. *Id.* To survive a motion to dismiss or for judgment on the pleadings, the challenged pleading must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

T.H.E. asserts that the Court should grant partial judgment on the pleadings because it has no duty to defend or indemnify Spielbauer from Zdroik's claim. Generally, liability insurance policies impose two duties on the insurer with respect to its insured: the duty to defend and the duty to indemnify. *Gross v. Lloyds of London Ins. Co.*, 121 Wis. 2d 78, 84, 358 N.W.2d 266 (1984). "The duty to defend is broader than the duty to indemnify, and, accordingly, if there is no duty to defend there is also no duty to indemnify." *Great Lakes Beverages, LLC v. Wochinski*, 2017 WI App 13, ¶ 15, 373 Wis. 2d 649, 892 N.W.2d 333 (internal citations omitted). Wisconsin courts use a three-step process to determine whether an insurer has a duty to defend:

> First, a reviewing court determines whether the policy language grants initial coverage for the allegations set forth in the complaint. If the allegations set forth in the complaint do not fall within an initial grant of coverage, the inquiry ends. However, if the allegations fall within an initial grant of coverage, the court next considers whether any coverage exclusions in the policy apply. If any exclusion applies, the court next considers whether an exception to the exclusion applies to restore coverage. If coverage is not restored by an exception to an exclusion, then there is no duty to defend. If the policy, considered in its entirety, provides coverage for at least one of the claims in the underlying suit, the insurer has a duty to defend its insured on all the claims alleged in the entire suit.

*Water Well Solutions Serv. Grp., Inc. v. Consolidated Ins. Co.*, 2016 WI 54, ¶ 16, 369 Wis. 2d 607, 881 N.W.2d 285 (citations omitted).

As an initial matter, Spielbauer asserts that T.H.E. improperly relies on Zdroik's state court pleading to support its motion. In deciding a motion for judgment on the pleadings, the Court may consider the pleadings and documents incorporated by reference into the pleadings. *See United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). In this case, Zdroik's state court complaint is incorporated by reference into T.H.E.'s complaint for declaratory judgment. In addition, an

3

insurer's duty to defend its insured "under the insurance policy turns on the specific allegations in the underlying state court complaint." *Ohio Cas. Ins. Co. v. Bazzi Const. Co., Inc.*, 815 F.2d 1146, 1147 (7th Cir. 1987). In short, the Court can consider Zdroik's state court complaint, along with the pleadings and other documents incorporated by reference, including the policies at issue in this case. The Court will now turn to T.H.E.'s assertion that it has no duty to defend or indemnify Spielbauer.

T.H.E. argues the Excess Auto Policy does not apply because there was no automobile involved in the loss. Spielbauer and Zdroik do not dispute that no automobile was involved, here. Accordingly, T.H.E. has no duty to defend or indemnify Spielbauer in connection with the Zdroik claim under the Excess Auto Policy.

T.H.E. also argues that the Primary Policy and Excess GL Policy's "Shooter's Endorsement" bars coverage. The Primary Policy provides coverage for damages "because of 'bodily injury' or 'property damage' to which the insurance applies." Primary Policy, Dkt. No. 39-3 at 54. The policy contains a "Shooters Endorsement – Fireworks," which provides:

> This policy shall NOT provide coverage of any kind (including but not limited to judgement costs, defense, cost of defense, etc.) for claims arising out of injuries or death to shooters or their assistants hired to perform fireworks displays or any other persons assisting or aiding in the display of fireworks whether or not any of the foregoing are employed by the Named Insured, any shooter or any assistant.

*Id.* at 82. The Excess GL Policy incorporates the Shooters Endorsement found in the Primary Policy. Excess GL Policy, Dkt. No. 39-4 at 6.

T.H.E. contends that the Shooter's Endorsement excludes coverage for claims arising out of injuries or death to (1) shooters or their assistants hired to perform fireworks displays and (2) any other person assisting or aiding in the display of fireworks, regardless of whether they are employed by Spielbauer, any shooter, or any assistant. Zdroik and Spielbauer argue that because

4

Zdroik was a volunteer shooter, rather than a shooter "hired to perform fireworks displays," the Shooters Endorsement does not exclude coverage for his injuries. The defendants also assert that a volunteer shooter cannot fall into the second category of individuals without rendering the phrase "hired to perform fireworks displays" superfluous.

Under Wisconsin law, the interpretation of insurance contracts is governed by the same rules of interpretation as other contracts.

> The first issue in construing an insurance policy is to determine whether an ambiguity exists regarding the disputed coverage issue. Insurance policy language is ambiguous if it is susceptible to more than one reasonable interpretation. If there is no ambiguity in the language of an insurance policy, it is enforced as written, without resort to rules of construction or applicable principles of case law. If there is an ambiguous clause in an insurance policy, we will construe that clause in favor of the insured.

*Folkman v. Quamme*, 2003 WI 116, ¶ 13, 264 Wis. 2d 617, 665 N.W.2d 857. It is evident from a plain reading of the Shooters Endorsement that it does not cover claims arising out of injuries or death to hired shooters, their assistants, or any other person assisting or aiding in the display of fireworks, regardless of whether they are employed by Spielbauer, any shooter, or any assistant. Even though Zdroik was not a shooter hired to perform fireworks displays, he is "any other persons assisting or aiding in the display of fireworks." In other words, because Zdroik assisted in the display of fireworks, the Shooter's Endorsement bars coverage for his claim.

Spielbauer asserts that the Court should not make legal judgments about the duty of indemnification at this stage. It maintains that the Court should determine indemnification issues once the facts have been established and after liability has been established. But Wisconsin courts have held that, where "there is no duty to defend there is also no duty to indemnify." *Great Lakes Beverages, LLC*, 2017 WI App 13, ¶ 15. Because the Court has concluded T.H.E. has no duty to defend Spielbauer, it necessarily follows that it has no duty to indemnify its insured against any

5

liability it may have arising out of the accident. T.H.E. should not be forced to await the outcome of a lawsuit over losses it does not cover to receive the relief to which it is entitled. In sum, T.H.E. has no duty to defend or indemnify Spielbauer in connection with the Zdroik claim under the Primary Policy or the Excess GL Policy.

## CONCLUSION

For these reasons, T.H.E.'s unopposed motion for leave to file an amended complaint (Dkt. No. 64) is **GRANTED**. The Clerk is directed to detach and e-file T.H.E.'s Second Amended Complaint. T.H.E.'s motion for partial judgment on the pleadings (Dkt. No. 38) is **GRANTED**. T.H.E. has no duty to defend or indemnify Spielbauer in connection with the Zdroik claim under the Primary Policy, the Excess GL Policy, or the Excess Auto Policy. The Clerk is directed to set the matter on the Court's calendar for further scheduling.

**SO ORDERED** at Green Bay, Wisconsin this 11th day of August, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge