UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

T.H.E. INSURANCE COMPANY,

           Plaintiff,

    v.                                        Case No. 20-C-1010

SPIELBAUER FIREWORKS COMPANY, INC.,
TREY D. OLSON, as Special Administrator of the
Estate of Timothy L. Olson, and
TODD R. ZDROIK,

           Defendants.

---

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

---

In this insurance coverage dispute, Plaintiff T.H.E. Insurance Company seeks a declaratory judgment that it has no duty to defend or indemnify Defendant Spielbauer Fireworks Company Inc. for claims arising from alleged injuries sustained by Todd Zdroik and Timothy Olson during two separate fireworks displays. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. In a previous decision, the Court determined that T.H.E. has no duty to defend or indemnify Spielbauer in connection with Zdroik's claim under the policies in question. Dkt. No. 66. In the same decision, the Court granted T.H.E. leave to file a second amended complaint to more specifically address the lawsuit that was filed in the Circuit Court of Taylor County, Wisconsin by the Special Administrator of Timothy L. Olson's estate for the alleged injuries Olson sustained in a fireworks accident. *Id.* T.H.E. has since moved for judgment on the pleadings with respect to Olson's claim, and that motion is now before the Court. For the following reasons, T.H.E.'s motion will be granted.

## BACKGROUND

Spielbauer is a Wisconsin corporation that sells fireworks and puts on fireworks displays. T.H.E. issued a commercial general liability insurance policy (the Primary Policy), a commercial excess auto liability policy (the Excess Auto Policy), and a commercial excess general liability policy (the Excess GL Policy) to Spielbauer for the policy period April 1, 2018, to April 1, 2019. T.H.E. seeks a declaration of the parties' rights and obligations under the policies it issued to Spielbauer with respect to two separate claims asserted by Olson and Zdroik against Spielbauer for the alleged injuries they sustained in separate Fourth of July fireworks accidents in 2018. In a previous decision, the Court determined that T.H.E. has no duty to defend or indemnify Spielbauer in connection with Zdroik's claim under the policies in question because the endorsement relied upon by T.H.E. unambiguously provided that "it does not cover claims arising out of injuries or death to hired shooters, their assistants, or any other person assisting or aiding in the display of fireworks, regardless of whether they are employed by Spielbauer, any shooter, or any assistant." Dkt. No. 66 at 5. Because Zdroik "assisted in the display of fireworks," the Court concluded that the endorsement barred coverage for his claim. *Id.*

According to the allegations contained in Olson's state court complaint, a group of volunteers, known as the Rib Lake Fireworks Committee, put on a fireworks display in the Village of Rib Lake each year to celebrate the Fourth of July. Dkt. No. 75-3 at ¶ 16. For the July 3, 2018, occurrence of this display, Spielbauer allegedly "selected, supplied, distributed and sold the fireworks to be used" for the display to Christopher Radtke, a member of the Rib Lake Fireworks Committee. *Id.* at ¶ 20. On the day of the display, Olson served as a volunteer "container operator," opening and closing the lid of a metal bin that contained the extra fireworks needed to replace those that had already been detonated. *Id.* at ¶ 27. Olson would open and close the lid so

that another volunteer could obtain replacement fireworks, as needed, during the show. *Id.* About three-quarters of the way through the show, a volunteer lit a 10-inch shell that ignited, but launched just six to eight feet above the ground before exploding. *Id.* at ¶ 30. A "ball of fire" shot out sideways, allegedly striking Olson and setting his body on fire, causing significant burns as a result. *Id.* At some point after the accident, Olson passed away, allegedly from causes unrelated to the fireworks accident. Dkt. No. 67 at ¶ 17. Olson's estate, through its special administrator, sued T.H.E., among others, in Taylor County, seeking compensation for Olson's injuries. T.H.E. seeks a declaratory judgment that there is no coverage under its policies for Olson's claim.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to seek judgment on the pleadings after the pleadings have been closed. *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Courts apply the same standard in deciding a motion for judgment on the pleadings as they do in deciding a motion to dismiss. *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016). The facts are viewed in the light most favorable to the nonmovant. *Id.* To survive a motion to dismiss or for judgment on the pleadings, the challenged pleading must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

As the Court explained in its last decision, under Wisconsin law, liability insurance policies generally impose two duties on the insurer with respect to its insured: the duty to defend and the duty to indemnify. *Gross v. Lloyds of London Ins. Co.*, 121 Wis. 2d 78, 84, 358 N.W.2d 266 (1984). "The duty to defend is broader than the duty to indemnify, and, accordingly, if there is no

3

duty to defend there is also no duty to indemnify." *Great Lakes Beverages, LLC v. Wochinski*, 2017 WI App 13, ¶ 15, 373 Wis. 2d 649, 892 N.W.2d 333 (internal citations omitted). Wisconsin courts use a three-step process to determine whether an insurer has a duty to defend:

> First, a reviewing court determines whether the policy language grants initial coverage for the allegations set forth in the complaint. If the allegations set forth in the complaint do not fall within an initial grant of coverage, the inquiry ends. However, if the allegations fall within an initial grant of coverage, the court next considers whether any coverage exclusions in the policy apply. If any exclusion applies, the court next considers whether an exception to the exclusion applies to restore coverage. If coverage is not restored by an exception to an exclusion, then there is no duty to defend. If the policy, considered in its entirety, provides coverage for at least one of the claims in the underlying suit, the insurer has a duty to defend its insured on all the claims alleged in the entire suit.

*Water Well Sols. Serv. Grp., Inc. v. Consol. Ins. Co.*, 2016 WI 54, ¶ 16, 369 Wis. 2d 607, 881 N.W.2d 285 (citations omitted).

To begin, Spielbauer reasserts its argument that T.H.E. is improperly relying upon an underlying state court complaint to support its motion. Dkt. No. 82 at 1–3. It argues that a Rule 12(c) motion is to be decided exclusively on federal pleadings, that is, T.H.E.'s second amended complaint and Spielbauer's answer. *Id.* at 2. But again, in deciding a motion for judgment on the pleadings, the Court may consider pleadings and documents incorporated by reference into the federal pleadings. *See United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Here, the state court complaint is incorporated by reference into T.H.E.'s second amended complaint. *See* Dkt. No. 67 at ¶ 18. Furthermore, an insurer's duty to defend its insured "under the insurance policy turns on the specific allegations in the underlying state court complaint." *Ohio Cas. Ins. Co. v. Bazzi Const. Co., Inc.*, 815 F.2d 1146, 1147 (7th Cir. 1987). Therefore, the Court can consider Olson's state court complaint, along with the pleadings and other documents incorporated by reference, including the policies at issue in this case.

T.H.E. argues that the Excess Auto Policy does not apply because there was no automobile involved in the loss at issue. Spielbauer and Olson do not dispute that no automobile was involved in the loss. Accordingly, T.H.E. has no duty to defend or indemnify Spielbauer in connection with Olson's claim under the Excess Auto Policy.

T.H.E.'s primary argument, as was the case with Zdroik's claim, is that the Primary Policy and Excess GL Policy's "Shooter's Endorsement" bars coverage. Although the Primary Policy provides coverage for damages "because of 'bodily injury' or 'property damage' to which the insurance applies," Dkt. No. 75-4 at 54, the policy also contains a "Shooters Endorsement – Fireworks," which states:

> This policy shall NOT provide coverage of any kind (including but not limited to judgement costs, defense, cost of defense, etc.) for claims arising out of injuries or death to shooters or their assistants hired to perform fireworks displays or any other persons assisting or aiding in the display of fireworks whether or not any of the foregoing are employed by the Named Insured, any shooter or any assistant.

*Id.* at 82. The Excess GL Policy incorporates the Shooters Endorsement found in the Primary Policy. Dkt. No. 39-4 at 6.

The Court examined this same endorsement in its last decision, explaining that "[i]t is evident from a plain reading of the Shooters Endorsement that it does not cover claims arising out of injuries or death to hired shooters, their assistants, or any other person assisting or aiding in the display of fireworks, regardless of whether they are employed by Spielbauer, any shooter, or any assistant." Dkt. No. 66 at 5. T.H.E. asserts that this reading of the endorsement also bars coverage for Olson's claim. Dkt. No. 75 at 15. Olson and Spielbauer, however, contend that the word "hired" is the operative term that controls the interpretation of the endorsement. Dkt. No. 78 at 8. At a minimum, they claim, the endorsement is ambiguous and should be construed against T.H.E. as drafter of the provision. *Id.* at 12. Alternatively, Olson and Spielbauer argue that Olson was

5

not a shooter, shooter's assistant, or someone who assisted or aided in the display of fireworks, meaning the endorsement does not bar his claims. *Id.* at 17.

None of the arguments presented by Olson or Spielbauer convince the Court that its interpretation of the endorsement is incorrect. First, the Court already rejected a variation of Olson and Spielbauer's argument that "hired" is the operative term in the endorsement when it held that Zdroik, a *volunteer* shooter, was encompassed by the endorsement because he fell within the category of "any other persons assisting or aiding in the display of fireworks." Dkt. No. 66 at 5. Second, the Court has previously addressed the argument that the policy is ambiguous. *Id.* The Court concluded that a "plain reading" of the endorsement made it clear that the policy does not cover claims arising out of injuries or death to hired shooters, their assistants, or any other person assisting or aiding in the display of fireworks, regardless of whether they are employed by Spielbauer, any shooter, or any assistant. *Id.*

Finally, the Court rejects the argument that Olson did not assist or aid in the display of fireworks. Olson argues that he had nothing to do with the "purchasing, unpacking, inspecting, preparing, loading, igniting, firing—i.e., 'shooting'—of any of the 10-inch shells used" during the firework display. Dkt. No. 78 at 17. Instead, Olson urges that his role was "simply to secure and protect the stock of some of the smaller fireworks, opening and closing the lid on a metal bin, which volunteer runners would then reach into to grab and take back to the volunteer shooters who were doing all the shooting." *Id.* His conduct, he claims, was "several steps removed" from the shooting of any fireworks. *Id.* Furthermore, Olson argues that T.H.E.'s proposed interpretation of the endorsement, which this Court has already concluded is the correct interpretation, violates the "cardinal rule of interpretation" that a court's interpretation of an insurance contract "should

6

avoid absurd or unreasonable results." *Id.* at 18; *Blasing v. Zurich Am. Ins. Co.*, 2014 WI 73, ¶ 43, 356 Wis. 2d 63, 850 N.W.2d 138.

Olson undeniably falls within the category of "any other persons assisting or aiding in the display of fireworks whether or not any of the foregoing are employed by the Named Insured, any shooter or any assistant." Dkt. No. 75-4 at 82. As a "container operator," Olson assisted or aided in the display of fireworks, if only on a small scale. Olson was charged with the supervision of the container that housed the fireworks needed for the display and, using Olson's language from the demand letter he sent T.H.E., he would "open and close the bin, *assisting* the 'runner' in obtaining the replacement fireworks." Dkt. No. 75-2 at 3 (emphasis added). Although Olson's role may have been small, there is no doubt that he assisted in the display of the fireworks by serving as a container operator. Olson provides the Court with a variety of hypothetical positions that others may have held during the display and questions whether some of these hypothetical jobs would also bar coverage under this Court's interpretation of the Shooter's Endorsement. *See* Dkt. No. 78 at 18. These hypotheticals, however, are not before the Court and it is not necessary to examine them to reach a conclusion on Olson's claim. Because the state court pleadings establish that Olson assisted or aided in the display of fireworks by serving as a container operator, the Shooter's Endorsement bars coverage for his claim.

Spielbauer again asserts that the Court should not make legal judgments about the duty of indemnification at this stage of the proceedings. But as the Court discussed in its last decision, Wisconsin courts have held that, where "there is no duty to defend there is also no duty to indemnify." *Great Lakes Beverages, LLC*, 2017 WI App 13, ¶ 15. Because the Court has concluded T.H.E. has no duty to defend Spielbauer, it necessarily follows that it has no duty to indemnify its insured against any liability it may have arising out of the accident. T.H.E., again,

7

should not be forced to await the outcome of a lawsuit over losses it does not cover to receive the relief to which it is entitled. Spielbauer also argues that the *Erie* doctrine requires the Court to delay adjudication of the indemnity issue until after liability has been established. Dkt. No. 82 at 9. Spielbauer, however, does not cite to any authority supporting its position, and T.H.E. points out that Wisconsin federal courts have frequently deferred to the Wisconsin courts' preference of resolving coverage issues before proceeding to the merits of the liability case. *See, e.g.*, *Roth v. Walsh Co., Inc*, No. 18-CV-1431, 2019 WL 2287811 (E.D. Wis. Feb. 11, 2019); *SepticairAID LLC v. Holt*, No. 14-CV-0172, 2015 WL 150391 (E.D. Wis. Jan. 12, 2015). Therefore, the Court concludes that the Shooter's Endorsement bars coverage for Olson's claim.

## CONCLUSION

Because the state court pleadings establish that Olson assisted or aided in the display of fireworks, the Court concludes that the Shooter's Endorsement bars coverage for his claim. Therefore, T.H.E.'s motion for partial judgment on the pleadings (Dkt. No. 74) is **GRANTED**. T.H.E. has no duty to defend or indemnify Spielbauer in connection with the Olson claim under the Primary Policy, the Excess GL Policy, or the Excess Auto Policy. With both claims in the amended complaint now decided, the Clerk is directed to enter judgment declaring that T.H.E. Insurance Company has no duty to defend or indemnify Spielbauer Fireworks Company against the claims of Todd R. Zdroik and Trey D. Olson or the Special Administrator for the Estate of Trey D. Olson arising out of the accidents that occurred on July 3, 2018 in the Town of Land O' Lakes, Wisconsin and the Village of Rib Lake, Wisconsin. Plaintiffs' claims are therefore dismissed.

**SO ORDERED** at Green Bay, Wisconsin this 11th day of January, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge